UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TANYA A. BIRNER,

          Plaintiff,

v.                                  Case No. 23-CV-580

MARTIN J. O'MALLEY,
Commissioner of the Social Security Administration,

          Defendant.

## DECISION AND ORDER

**1. Introduction**

Alleging she has been disabled since May 12, 2020 (Tr. 14), plaintiff Tanya A. Birner seeks supplemental security income and disability insurance benefits. Her date last insured was December 31, 2007. (Tr. 14, 93.) After her application was denied initially (Tr. 130-33) and upon reconsideration (Tr. 147-52), a hearing was held before Administrative Law Judge (ALJ) Margaret J. O'Grady on January 20, 2022 (Tr. 34-62). On March 2, 2022, the ALJ issued a written decision concluding that Birner was not disabled. (Tr. 11-33.) After the Appeals Council denied Birner's request for review on March 9, 2023 (Tr. 1-7),

she filed this action. All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 6, 7), and the matter is ready for resolution.

**2. ALJ's Decision**

In determining whether a person is disabled, an ALJ applies a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one the ALJ determines whether the claimant has engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). The ALJ found that Birner "has not engaged in substantial gainful activity since May 12, 2020, the amended alleged onset date[.]" (Tr. 17.)

The analysis then proceeds to the second step, which is a consideration of whether the claimant has a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). An impairment is severe if it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522(a), 416.922(a). The ALJ concluded that Birner has the following severe impairments: "expressive aphasia, lumbar spinal stenosis, degenerative disc disease, fibromyalgia, obesity, depression, and an anxiety disorder." (Tr. 17.)

At step three the ALJ is to determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (called "the listings"), 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1525, 416.920(a)(4)(iii), 416.925. If the impairment or

2

Case 2:23-cv-00580-WED   Filed 06/25/24   Page 2 of 9   Document 27

impairments meets or medically equals the criteria of a listing and also meets the twelve-month durational requirement, 20 C.F.R. §§ 404.1509, 416.909, the claimant is disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairment or impairments is not of a severity to meet or medically equal the criteria set forth in a listing, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ found that Birner "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" (Tr. 18.)

In between steps three and four the ALJ must determine the claimant's residual functional capacity (RFC), which is the most the claimant can do despite her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In making the RFC finding the ALJ must consider all of the claimant's impairments, including impairments that are not severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). In other words, "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p. The ALJ concluded that Birner has the RFC

> to perform light work as defined in 20 CFR 416.967(b) except no climbing ropes, ladders, or scaffolds; no work at heights or with hazards; occasional climbing of ramps and stairs, stooping, crouching, kneeling, crawling, and balancing; can remember, understand and carry out simple, short instructions; no detailed instructions; superficial interaction with coworkers, supervisors, and the public; can maintain concentration, persistence and pace for two-hour periods; and is limited to a work environment in which verbal interactions are not the main form of communication..

3

(Tr. 21.)

After determining the claimant's RFC, the ALJ at step four must determine whether the claimant has the RFC to perform the requirements of her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560, 416.920(a)(4)(iv), 416.960. The ALJ concluded that Birner has no past relevant work. (Tr. 28.)

The last step of the sequential evaluation process requires the ALJ to determine whether the claimant is able to do any other work, considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c), 416.920(a)(4)(v), 416.960(c). At this step the ALJ concluded that Birner was capable of working as a shirt presser (DOT# 363.685-026), packer (DOT# 559.687-074), and assembler (DOT# 706.684-022). (Tr. 28.) Therefore, she was not disabled. (Tr. 29.)

## 3. Standard of Review

The court's role in reviewing an ALJ's decision is limited. It must "uphold an ALJ's final decision if the correct legal standards were applied and supported with substantial evidence." *L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019) (citing 42 U.S.C. § 405(g)); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017) (quoting *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010)). "The court is not to 'reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the

Commissioner.'" *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). "Where substantial evidence supports the ALJ's disability determination, [the court] must affirm the [ALJ's] decision even if 'reasonable minds could differ concerning whether [the claimant] is disabled.'" *L.D.R. by Wagner*, 920 F.3d at 1152 (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

**4. Analysis**

Birner frequently reported suffering from significant fatigue, including needing to lie down or nap during the day. (*See, e.g.*, Tr. 449, 464, 703, 1087, 1094-95.) Although the ALJ acknowledged Birner's complaints of fatigue *(see, e.g.*, Tr. 20, 23, 24, 26), she did not assess the severity of this symptom, *see* SSR 16-3p, or consider it in her RFC finding other than to note that physicians' opinions that Birner should limit her exposure to hazards and never climb ladders, ropes, or scaffolds were "supported by the evidence about the claimant's medication regimen, physical abnormalities on examination, symptoms of significant fatigue, and reports of seizure activity." (Tr. 26.)

Limiting a person to jobs that avoid hazards and do not include climbing of ladders, ropes, or scaffolds does not adequately account for significant fatigue. "[T]he ALJ was required to fulsomely 'discuss [the claimant's] fatigue and how it might affect her job performance.'" *Rebecca A. v. Kijakazi*, No. 21 C 3185, 2022 U.S. Dist. LEXIS 204944,

at *8 (N.D. Ill. Nov. 10, 2022) (quoting *Holland v. Barnhart*, No. 02 C 8398, 2003 U.S. Dist. LEXIS 15599, at *24-25 (N.D. Ill. Sep. 4, 2003)).

The fact that Birner's fatigue may have been partially attributable to a medication, which was then changed, does not negate the ALJ's obligation to discuss the symptom, its severity, and the full extent to which it affected her ability to work. Birner reported fatigue before she started and after she discontinued taking that medication. Fatigue was a reasonable symptom of her other medications (which included narcotics) and impairments, such as her history of strokes. *See, e.g.*, *Maritza L. v. O'Malley*, No. 22-cv-6376, 2024 U.S. Dist. LEXIS 80255, at *6 (N.D. Ill. May 2, 2024) (noting "poststroke fatigue"). If credited, Birner's fatigue may further limit her RFC such that she may be unable to work. *See Marilyn G. v. O'Malley*, No. 22-cv-5373, 2024 U.S. Dist. LEXIS 33275, at *8 (N.D. Ill. Feb. 27, 2024); (*see also* Tr. 59 (testimony of vocational expert that a person who is off task more than 15 percent of the workday would be unable to work)). Therefore, the ALJ's analysis fell short of that required under SSR 96-8p and 16-3p and requires remand.

The ALJ similarly failed to adequately assess Birner's history of seizures. The ALJ found this impairment to be non-severe. In doing so, she noted that in 2019 Birner reported that it had been years since she had any seizures and had stopped taking her anti-seizure mediation. (Tr. 17.) The ALJ then stated, "The residual functional capacity

accommodates this nonsevere impairment with limitations of no climbing ropes, ladders, or scaffolds and no work at heights or with hazards." (Tr. 17; *see also* Tr. 26.)

However, Birner reported that she more recently suffered seizures three to five times a month (Tr. 53), and a seizure would leave her tired and amnesic (Tr. 1067). It is not clear how symptoms of this sort would be fully accommodated with limitations regarding climbing and exposure to hazards.

The ALJ did not conclude that Birner's seizure symptoms were not as severe as she alleged. *See* SSR 16-3p. The ALJ's explanation as to why she found that Birner's symptoms, in general, were not as severe as she alleged (Tr. 24-25) does not contain any portion that is obviously relevant to her seizure history.

The error was not harmless. The ALJ was required to consider Birner's severe and non-severe impairments in her RFC finding. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). If Birner suffered seizures in the frequency and severity she reported, her ability to work may be further limited given that she suffered memory loss and fatigue following a seizure. Thus, when considered in conjunction with her other impairments, she may be off task more than an employer would tolerate. (*See* Tr. 59.)

The ALJ did not, however, err generally in her assessment of the severity of Birner's symptoms. SSR 16-3p requires an ALJ to look to the record as a whole to assess whether the claimant's subjective symptoms are as severe as she alleges. *See Dunn v. Saul*, 794 F. App'x 519, 522 (7th Cir. 2019) (discussing SSR 16-3p). This includes the claimant's

activities of daily living. SSR 16-3p. 2. D. The ALJ reasonably concluded that the record as a whole, including Birner's daily activities, were not consistent with the symptom severity that she alleged. Although the ALJ's discussion (Tr. 24-25) was comparatively superficial, it comported with SSR 16-3p. There may be room to debate the persuasiveness of the evidence the ALJ highlighted, but the court may set aside an ALJ's assessment of the claimant's symptoms only if it was patently wrong. *Jeanette C. v. O'Malley*, No. 22-cv-5315, 2024 U.S. Dist. LEXIS 90902, at *10 (N.D. Ill. May 21, 2024) (quoting *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022) (discussing preceding SSR)).

Aside from the specific issues regarding Birner's fatigue and history of seizures, as discussed above, the ALJ's assessment of the severity of Birner's other symptoms was consistent with SSR 16-3p. Nonetheless, in light of the errors discussed above, it will be necessary for the ALJ on remand to reassess the severity of Birner's symptoms.

Nor did the ALJ err in her assessment of the opinion of the state agency psychological consultant. The "moderate" limitation the consultant identified with respect to concentration, persistence, and pace at step three (Tr. 117) is not inconsistent with her finding that Birner "is able to maintain attention, concentration, persistence, and pace for simple and detailed, routine tasks, for two hours at a time, over a normal workday/week, with normal supervision" (Tr. 122). For purposes of step three, "[a] 'moderate limitation' is defined by regulation to mean that functioning in that area is 'fair.' 20 C.F.R. Pt. 404, Subpt. P, App. 1. … '[F]air' in ordinary usage does not mean 'bad'

8

Case 2:23-cv-00580-WED    Filed 06/25/24    Page 8 of 9    Document 27

or 'inadequate.' So a 'moderate' limitation in performing at a consistent pace seems consistent with the ability to perform simple, repetitive tasks at a consistent pace." *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021).

5. **Conclusion**

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that the Commissioner's decision is **vacated**, and pursuant to 42 U.S.C. § 405(g), sentence four, this matter is **remanded** for further rulings consistent with this decision. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 25th day of June, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge